IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alice Marie Russell )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Carolyn W. Colvin, )<br>Acting Commissioner of Social )<br>Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 1:13-cv-2283-BHH<br><br>**OPINION AND ORDER** |

Plaintiff Alice Marie Russell ("the plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.  On September 5, 2014, the magistrate judge issued a Report and Recommendation in which she determined that the plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  Accordingly, the magistrate judge recommended affirming the Commissioner's decision.  (ECF No. 26.)  The plaintiff filed Objections on September 19, 2014 (ECF No. 27), and on October 3, 2014, the Commissioner filed a Reply (ECF No. 29).  For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 47 years old on her date last insured. (R. at 212.) The plaintiff's application was denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). (R. at 76-80, 82-83.) A hearing was held before ALJ John S. Lamb, who issued an unfavorable decision on April 13, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 28-65, 9-200.) The Appeals Council denied the plaintiff's request for review (R. at 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on April 25, 2013. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 26 at 34.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no

objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).

Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on September 19, 2014 (ECF No. 27), and the Commissioner filed a reply on October 3, 2014 (ECF No. 29). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) evaluation of a treating source opinion; (2) failure to consult a medical advisor regarding the plaintiff's onset date of disability; and (3) consideration of lay testimony. The Court will consider each specific objection in turn.[1]

### I.     Treating Physician Opinion

The plaintiff first contends that the magistrate judge failed to reverse the ALJ for not explicitly identifying and explaining the weight accorded the opinions of the plaintiff's treating physician, Dr. Fitzwilliam W. King. The plaintiff argues that the magistrate judge

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

(1) made some independent inference about whether objective evidence supported Dr. King's opinion and (2) failed to cite any authority for so assuming. The plaintiff overstates, on both accounts.

First, the plaintiff has not recognized the magistrate judge's actual basis for affirming the ALJ's view in this regard. Namely, the magistrate judge concluded that the opinions of Dr. King were either (1) opinions of disability reserved for the Commissioner and, therefore, not entitled to controlling weight or (2) not opinions regarding the plaintiff's functional limitations prior to her date last insured. (R. at 21-22.) The plaintiff has not made any riposte to these. For this reason alone, the objection would not be sustained.

To the extent the plaintiff contends that error existed for some failure to analyze the opinions, at least pursuant to the criteria set forth in 20 C.F.R. § 404.1527(c), the magistrate judge was equally vigilant here. She explicitly recognized that the ALJ (1) carefully considered Dr. King's opinion, over two pages (R. at 17-18), and (2) concluded that "there is no objective evidence to support his opinion regarding [Plaintiff's] work-related limitations on or prior to September 30, 2008." (R. at 18.) The magistrate judge was required to make very little inference about the support for Dr. King's opinion or the ALJ's consideration of the same. Instead, the magistrate judge made direct observations about explicit analysis of the ALJ. (ECF No. 26 at 23-24.) The accusation that the magistrate needed to rely on some presumption about it all in order to recognize the ALJ's repudiation of the opinion is simply not accurate. The ALJ stated clearly his view that no objective evidence supported Dr. King's opinion. The magistrate judge did not have to guess. Moreover, the magistrate judge's approach in this respect is precedentially justified, regardless of any included authority and contrary to the plaintiff's contention that she failed

5

to cite some. (See ECF No. 21 at 8 (citing *Noah v. Colvin*, 2013 WL 2596329, at * (M.D.N.C. June 11, 2013) (finding that "implicit assignment of weight can support meaningful review so long as the ALJ's opinion 'make[s] clear that [he] recognized and evaluated the treating relationships' of medical sources." (quoting *Thomas v. Commissioner of Social Security*, 2012 WL 670522, at *7 (D. Md. Feb. 27, 2012).)

Regardless, the plaintiff did not challenge the principal bases for affirmation – that the opinions were not of the kind owed deferential or controlling weight. There is no error in the magistrate judge's consideration of the treating physician issue.

**II.     Medical Advisor**

The plaintiff also argues that the ALJ failed to properly conform his analysis to the Fourth Circuit decision, in *Bird v. Commissioner of Social Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012), with respect to a determination of the plaintiff's date of onset of disability. *Bird* requires an ALJ to "consult a medical advisor after the claimant has proved that his condition is disabling, but when the date of its onset remains ambiguous." *Id.* at 344. The undersigned need not belabor it. The magistrate judge's consideration of *Bird* was exhaustive and, application, proper. The plaintiff seems to believe that *Bird* requires a more express consideration of disability in the record. Specifically, the plaintiff is confused by a pairing of sentences on page 32 of the Report. (ECF No. 26 at 32.) The magistrate judge, there, meant simply to distinguish between the ALJ's obligation to *review* the record for evidence of disability at any point, under *Bird*, and some requirement that the ALJ *articulate* the same in the decision. *See id.* To that end, the magistrate judge specifically found that the ALJ adequately considered the "entire record" and found no evidence of

disability before or after the plaintiff's date last insured. (ECF No. at 32.) *Bird* does not require more and, without any determination of disability, recourse to a medical expert was legally unnecessary. *See Bird*, 699 F.3d at 344-45. There is no error.

### III.     Testimony of the Plaintiff's Husband

Lastly, the plaintiff argues that the magistrate judge failed to recognize that the ALJ was in error by not explaining the weight given the testimony of the plaintiff's husband. The plaintiff reemphasizes various decisions of the Districts of North Carolina, cited in her Response Brief. *See Cooper v. Astrue*, 2009 WL 928548, at *5 (E.D.N.C. Apr.3, 2009); *Ivey v. Barnhart*, 393 F.Supp.2d 387, 389–390 (E.D.N.C.2005)*; Baldwin v. Barnhart*, 444 F. Supp. 2d 457, 465 (E.D.N.C.2004). Truthfully, an ALJ could always do more. And, as these cases evidence, if a reviewing court would like to cherry-pick, so to speak, the degree of clarity made on any particular piece of evidence there is no end in their ability to do so. But, the Court does not consider these decisions the final word on how a district court must consider an ALJ's conduct in this regard. The undersigned does not believe that the magistrate judge's view that the ALJ, consistent with the regulations, 20 C.F.R. § 404.1545(a)(3), had expressly and sufficiently considered the functional statement of the husband (R. at 16) is a recommendation to decline. The totality of the decision makes the basis for the ALJ's conclusions imminently reviewable. Moreover, the plaintiff has not recommended, on objection, what additional limitations the husband's testimony required that the ALJ failed to include. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same conclusion notwithstanding his initial error"). There is no

error.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply.  The Court concurs in the recommendation of the magistrate judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this order.  The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

December 11, 2014
Greenville, South Carolina